THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JASON C. BINKS, et al., ) | Case No.  2:10CV00571 DS |
| Plaintiffs, ) | |
| vs. ) | MEMORANDUM DECISION AND ORDER |
| GRAND CANYON EDUCATION INC., ) | |
| Defendant. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Defendant Grand Canyon Education, Inc., d/b/a/ Grand Canyon University ("GCU"), a private educational institution offering online courses, employed Plaintiffs Jason C. Binks and N. Kevin Jolley as Enrollment Counselors ("EUs") at its Utah facility.  GCU uses its ECs to recruit and enroll students.  Plaintiffs allege that they, and other similarly situated former ECs at the Utah facility, were required to work more than forty hours a week but were not paid for overtime, in violation of the Fair Labor Standards Act.

Plaintiffs have moved the Court to conditionally certify their Fair Labor Standards Act claim as a collective action and authorize them to send notice to putative class members.

## II. DISCUSSION

### A. Standard for Certification

Under the FLSA, an employee may bring a collective action on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). The Tenth Circuit has approved a two-step approach to determine whether putative class members are similarly situated. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002). First, a court must determine whether a collective action should be certified for notice purposes. For this "conditional certification," a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* 1102 (internal quotation marks and citations omitted). The standard at this stage is a lenient one. *Id.* at 1103.

At the second stage, often on a motion by the defendant to decertify, a court may revisit the issue of class certification under a stricter standard, examining such factors as "'(1)the disparate factual and employment settings of the individual plaintiffs; (2)the various defenses available to defendant which appear to be individual to each plaintiff; (3)fairness and procedural considerations; and (4)whether plaintiffs made the filings required by the [FLSA] before instituting suit.'" *Id.* (citation omitted).

**B.   Substantial Allegations**

In their Complaint, Plaintiffs allege that GCU willfully and intentionally violated the FLSA in the the following ways: (1) ECs were given quotas for such things as phone calls and enrollments, which GCU knew could not be performed in 40 hours a week; (2) ECs were consistently required to work in excess of 40 hours a week to try and meet their quotas; (3) GCU discouraged and or prevented ECs from entering overtime hours on their time sheets by having managers repeatedly tell ECs that they were not to record overtime hours on their time sheets and that they would be disciplined and even fired if they tried to submit time sheets with overtime hours; (4) ECs feared disciplinary reprisals if they submitted their overtime hours; and (5) GCU did not pay ECs for their overtime hours.  *See e.g.* Compl. at ¶¶ 17-25, 27 and 40-44.

In support of their allegations, Plaintiffs submit their own Declarations and those of other former ECs attesting: (1) that they all were required to meet common enrollment standards and goals that were impossible to meet working 40 hours a week; (2) that they were subject to discipline by GCU if they failed to meet those common enrollment standards and goals and were encouraged to work more than 40 hours a week if necessary: (3)that they regularly worked more than 40 hours a week in order to try and meet those goals and to keep their jobs, but that overtime hours were rarely approved (4)that they were told by GCU managers that they could

3

only report 40 hours on their time cards and that they would not be paid for overtime hours.  *See* Binks Decl., Jolley Decl., Voeks Decl., Linde Decl., M. Rasmussen Decl., Smart Decl., Roundy Decl., Kaczmarek Decl., Sommers Decl., Hyatt Decl., Smith Decl., Harper Decl., A. Rasmussen Decl., Hall Decl., Nelson Decl., and Simper Decl.

Defendant's arguments opposing certification are viewed by the Court as generally premature at this notice stage, and more appropriately raised at the second stage on a motion to decertify after full discovery.  *Thiessen*, 267 F.3d at 1102-03.

Applying the standard for conditional certification which "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" T*hiessen*, 267 F.3d at 1102 (internal quotation marks and citations omitted), the Court concludes that Plaintiffs, by the allegations of their Complaint and the filed Declarations, have satisfied their burden for conditional certification.  The Court, therefore, will conditionally certify the class.

### C.  Notice

Because of the passage of time since Plaintiff's first filed their proposed form of Notice of Collective Action, as well as because Plaintiffs have indicated that they are not adverse to modifying the Notice in view of Defendant's objection, Counsel are

directed to meet and confer to see it they can stipulate to an acceptable form of notice and consent form. If counsel are unable to agree, counsel for Plaintiffs are directed to file a supplemental proposed notice and consent form to be sent to prospective class members. Defendant may file any objection to the form of notice within ten days of the filing of Plaintiffs' proposed notice and consent.

### III.   CONCLUSION

For the reasons stated, as well as generally for those set forth by Plaintiffs in their pleadings, their Motion for Certification and Authorization to Send Notice (Doc. # 19) is granted, except that Plaintiffs are to file with the Court a new proposed form of notice and consent as directed herein.

IT IS SO ORDERED.

DATED this 28th day of September, 2011.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT